IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID MICHAEL GLATTS,**<br>    Plaintiff,<br><br>vs.<br><br>MR. LOCKETT, Superintendent SCI Greensburg); MR. MATTHEWS (AOD Director SCI Greensburg); DR. CARINS, PHD (Director of Psychology SCI Greensburg); MS. KWISNECK, R.N. (ADA Coordinator SCI Greensburg); MR. TREVOR WINGARD (Deputy Superintendent SCI Greensburg); DR. McGRATH (Medical Director); MS PRICE, TC Program Director (SCI Greensburg); MR. SECKERS, (Deputy SCI Greensburg); INMATE DISABILITY COMMITTEE PA. DOC; BUREAU OF TREATMENT SERVICE PA. DOC,<br>    Defendants. | Civil Action No. 09-29<br>Magistrate Judge Maureen P. Kelly<br>[ECF No. 127] |

## OPINION AND ORDER

**KELLY, Magistrate Judge**

Defendant Robert McGrath, M.D., identified in the caption as "Dr. McGrath (Medical Director)," has filed a Motion to Dismiss the Second Amended Complaint in the above-captioned case [ECF No. 127]. For the reasons set forth below, the Motion is granted and Defendant McGrath is dismissed as a result of Plaintiff's failure to prosecute.

On June 3, 2011, the Court entered an Order construing Plaintiff's self-styled Motion to Enter a Third Amended Complaint as, instead, Plaintiff's Second Amended Complaint. [ECF

No. 123]. The Complaint, filed against, *inter alia,* Robert McGrath, M.D., Medical Director at the State Correctional Institute at Greensburg ("SCI-Greensburg"), alleges that Plaintiff was terminated from a therapeutic community in violation of the American with Disabilities Act ("ADA"), 29 U.S.C. § 12131 et seq,. and that he was retaliated against for filing grievances related thereto in violation of his rights under the First Amendment of the United States Constitution. [ECF No. 118]. In response to the Second Amended Complaint, Defendant McGrath filed a Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim upon which relief may be granted. [ECF No. 127]. Subsequently, on August 4, 2011, the Court entered an Order requiring the Plaintiff to file a response to the Motion to Dismiss no later than September 4, 2011. [ECF No. 129]. Plaintiff failed to file his response and on September 9, 2011, the Court entered an Order to Show Cause why this action should not be dismissed as to Defendant Robert McGrath, M.D., for Plaintiff's failure to prosecute this action against him. [ECF No. 131]. To date, Plaintiff has failed to respond.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6)     The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

In this case, the first, third and fourth factors all relate to Plaintiff's failure to comply with this Court's orders. Plaintiff's failure to respond to the Motion to Dismiss was not only solely his personal responsibility but his failure to do so even four weeks later after the entry of the Order to Show Cause appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a motion seeking dismissal of the case and brief in support thereof, there appears to be no specific prejudice to Defendant other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Moreover, because Plaintiff has failed to respond to Defendant's Motion to Dismiss, it appears that Plaintiff has no serious interest in pursuing this case against Dr. McGrath. Therefore, dismissal is the most appropriate action for this Court to take, and the complaint in the above-captioned case is dismissed against Robert McGrath, M.D. since no other

sanctions will serve justice.  <u>Mindek</u>, <u>supra</u>; <u>Titus v. Mercedes Benz</u>, 695 F.2d 746 (3d Cir. 1982).  Accordingly, an appropriate Order follows.

AND NOW, this 14th day of October, 2011, upon consideration of the Motion to Dismiss the Second Amended Complaint filed by Defendant Robert McGrath, M.D., IT IS HEREBY ORDERED that Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE as to Defendant Robert McGrath, M.D., identified in the caption as "Dr. McGrath (Medical Director)."

        BY THE COURT,

        /s/    Maureen P. Kelly
        U.S. Magistrate Judge


Dated: October 14, 2011


cc:    David Michael Glatts
       12134 Joan Drive
       Pittsburgh, PA 15235

       David Michael Glatts
       C/O Renewal, Inc.
       339 Boulevard of the Allies
       Pittsburgh, PA 15222

       All counsel of record via CM-ECF