IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID MICHAEL GLATTS,<br>        Plaintiff,<br><br>  vs.<br><br>MR. LOCKETT, Superintendent SCI Greensburg); MR. MATTHEWS (AOD Director SCI Greensburg); DR. CARINS, PHD (Director of Psychology SCI Greensburg); MS. KWISNECK, R.N. (ADA Coordinator SCI Greensburg); MR. TREVOR WINGARD (Deputy Superintendent SCI Greensburg);  MS PRICE,TC Program Director (SCI Greensburg);   MR. SECKERS, (Deputy SCI Greensburg);  INMATE DISABILITY COMMITTEE PA. DOC; BUREAU OF TREATMENT SERVICE PA. DOC,<br>        Defendants. | Civil Action No. 09-29<br>Magistrate Judge Maureen P. Kelly |

## OPINION AND ORDER

Plaintiff, David Michael Glatts, a former prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), presented a civil rights complaint against a number of DOC employees as well as Dr. McGrath, an independent contractor-physician, and Prison Health Services, Inc., alleging that while incarcerated at the State Correctional Institution at Greensburg, he was terminated from a therapeutic community in violation of the American with Disabilities Act ("ADA"), 29 U.S.C. § 12131 et seq., and was retaliated against for filing grievances related thereto in violation of his rights under the First Amendment of the United States Constitution. [ECF No. 118].

In response to the Complaint, Defendant McGrath filed a Motion to Dismiss pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim upon which relief may be granted. [ECF No.

127]. On August 4, 2011, the Court entered an Order requiring the Plaintiff to file a response to the Motion to Dismiss no later than September 4, 2011. [ECF No. 129]. Plaintiff failed to file a response and on September 9, 2011, the Court entered an Order to Show Cause why this action should not be dismissed as to Defendant Robert McGrath, M.D., for Plaintiff's failure to prosecute this action against him; Plaintiff was directed to respond on or before September 29, 2011. [ECF No. 131]. Plaintiff again failed to respond, and on October 14, 2011, the Court filed an Opinion and Order granting Dr. McGrath's Motion and dismissing the Complaint as to him with prejudice. [ECF No. 132].

In the interim, on September 9, 2011, the Court issued a Case Management Order in which it, *inter alia*, ordered Plaintiff to file a Pretrial Statement on or before January 9, 2012 [ECF No. 130]. Plaintiff failed to file a Pretrial Statement and on January 19, 2012, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute returnable by February 9, 2012. [ECF No. 133]. To date, Plaintiff again has failed to respond or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

    (3)    A history of dilatoriness.

> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors dictate that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders. Plaintiff's failure to respond to Dr. McGrath's Motion to Dismiss and two Orders to Show Cause was not only solely his personal responsibility but his failure to do so even at this late juncture appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the costs associated with the case thus far, there appears to be no specific prejudice to Defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of his claims -- will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to comply with the Court's Orders so that the case may proceed or had any other communication with the Court since June of 2011, see [ECF No. 122], it appears that Plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

An appropriate Order follows.

AND NOW, this 16th day of February, 2012, IT IS HEREBY ORDERED that the above-captioned case is DISMISSED with prejudice for failure to prosecute.

                                                BY THE COURT,

                                                /s/Maureen P. Kelly
                                                United States Magistrate Judge

cc:    David Michael Glatts
        12134 Joan Drive
        Pittsburgh, PA 15235

        David Michael Glatts
        C/O Renewal, Inc.
        339 Boulevard of the Allies
        Pittsburgh, PA 15222

        All counsel of record via CM-ECF